GARY I. GATES, Secretary Department of Employe Trust Funds
You request my opinion as to whether section 1148m of 1991 Wisconsin Act 39 (section 1148m) (the 1991 budget bill) violates article IV, sections 18 and 31 of the Wisconsin Constitution. Section 1148m deletes the special cost provisions which applied to those state elected officials and their appointees who purchased creditable Wisconsin Retirement System (WRS) service not previously credited because of age limitations set forth in section 40.02(17)(c), Stats. (1985). Article IV, sections 18 and31 of the Wisconsin Constitution deal with the enactment of special, private or local laws.
 As you state in your letter requesting my opinion at page 1:
 Prior to May 3, 1988, s. 40.02(17)(c), 1985 Stats., prohibited executive participating employes designated under s. 20.923(4), (8), and (9) from receiving creditable service towards a Wisconsin Retirement System (WRS) benefit for service performed on and after the first day of the fourth month after the employe attained age 62. Affected employes included secretaries and other agency heads of state agencies, their deputies and executive assistants, and university presidents, vice presidents, and chancellors.
 In 1986, changes to the federal Age Discrimination in Employment Act prohibited reduction or elimination of benefit accruals for participating employes based on age. 1987 Wisconsin Act 372 conformed state statutes governing the WRS with the federal law by removing the age limit on creditable service accrual. *Page 168 
 Act 372 also permitted participating employes (regardless of their current employment category) to purchase executive service which was previously uncredited due to the age limitation. The cost, as specified in s. 40.02(17)(e), 1988 Stats., is "5.5% of one-twelfth of the employe's highest earnings in a single earnings period" for each month of service purchased, except that present or former elected officials or appointees of such officials were required to pay the full actuarial cost of the service.
 Section 1148m of 1991 Wisconsin Act 39, as passed by the Legislature and signed by the Governor, amends s. 40.02(17)(e), Stats., to delete the special cost provisions for elected officials and their appointees.
First you ask:
 Is Section 1148m a special or private law prohibited by Art. IV, Section 31, Wis. Constitution?
It is my opinion that section 1148m is not in violation of Article IV, section 31 of the Wisconsin Constitution.
 Article IV, section 31 of the Wisconsin Constitution states:
 The legislature is prohibited from enacting any special or private laws in the following cases:
 1st. For changing the name of persons or constituting one person the heir at law of another.
 2d. For laying out, opening or altering highways, except in cases of state roads extending into more than one county, and military roads to aid in the construction of which lands may be granted by congress.
 3d. For authorizing persons to keep ferries across streams at points wholly within this state.
 4th. For authorizing the sale or mortgage of real or personal property of minors or others under disability.
5th. For locating or changing any county seat. *Page 169 
 6th. For assessment or collection of taxes or for extending the time for the collection thereof.
 7th. For granting corporate powers or privileges, except to cities.
 8th. For authorizing the apportionment of any part of the school fund.
 9th. For incorporating any city, town or village, or to amend the charter thereof.
Section 31 thus "prohibit[s] the legislature from enacting any special or private laws in nine different classes of cases."Brookfield v. Milw. Sewerage, 144 Wis.2d 896, 904-05,426 N.W.2d 591 (1988). The subject matter of section 1148m does not fit within any of the nine classes specified. Such Budget Bill section thus cannot violate article IV, section 31 of the Wisconsin Constitution.
Your second question is:
 Does this legislation constitute a "private or local bill" and therefore violate the requirements of Art. IV, Section 18, Wis. Constitution?
 Article IV, section 18 of the Wisconsin Constitution states:
 No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title.
It is my opinion that section 1148m is not a private or local law and thus not in violation of article IV, section 18 of the Wisconsin Constitution notwithstanding its enactment as part of the 1991 budget bill.
Section 1148m provides:
40.02(17)(e) of the statutes is amended to read:
 40.02(17)(e) Each executive participating employe whose creditable service terminates on or after May 3, 1988, and each participating employe who is a present or former elected official or an appointee of a present or *Page 170 former elected official and who did not receive creditable service under s. 40.02(17)(e), 1987 stats., or s. 40.02(17)(e), 1989 stats., and whose creditable service terminates on or after the effective date of this paragraph . . . . [revisor inserts date], who was previously in the position of the president of the university of Wisconsin system or in a position designated under s. 20.923(4), (8) or (9), but did not receive creditable service because of age restrictions, may receive creditable service equal to the period of executive service not credited if the participant pays to the department a lump sum payment equal to 5.5% of one-twelfth of the employe's highest earnings in a single annual earnings period multiplied by the number of months of creditable service granted under this paragraph, [except a participant who is a present or former elected official or an appointee of such an official may receive creditable service equal to the period of executive service not credited if the participant pays to the department a lump sum payment equal to the present value of the creditable service requested, in accordance with rates actuarially determined to be sufficient to fund the full cost of the increased benefits which will result from granting the creditable service.]*
That amount shall be credited and treated as an employe required contribution for all purposes of the Wisconsin retirement system.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
Wisconsin case law provides two tests to be used to determine whether a bill is "private or local" within the meaning of `article IV, section 18 of the Wisconsin Constitution. The first test applies to a bill which is "specific to any person, place or thing." Milwaukee Brewers v. DH SS, 130 Wis.2d 79,115, 387 N.W.2d 254 (1986); Davis v. Grover, 159 Wis.2d 150,159-60, 464 N.W.2d 220 (Ct.App. 1990), petition for review granted. A second and different test applies to *Page 171 
"classification" bills. Brookfield, 144 Wis.2d at 910-12; Davis,159 Wis.2d at 160-61.
"Classification" legislation is that which "is not specific on its face to a particular person, place or thing." Brookfield,144 Wis.2d at 908, 912; Davis, 159 Wis.2d at 161. Section 1148m is "classification" legislation. Such section does not refer to any specific person but relates to all that fit within the defined class. Nor is it a class closed at time of enactment. While you suggest, at page 2 of your letter, that entitlement to section 1148m benefits is limited to those who "[c]ontinue to be participating employes as of the effective date of 1991 Wisconsin Act 39," I find no such specific limitation in the legislation. While section 1148m applies only to those "whose creditable service terminates on or after the effective date of this paragraph," there is no requirement that such individuals be employed by a participating employer on the effective date. For example, one who was a former elected official or an appointee of a present or former elected official, but not a "participating employe" on the effective date of section 1148m would qualify under such section if he or she again became a participating employe after such effective date. As long as such individual had not commenced receiving a retirement annuity and thus become subject to the limitations of section 40.26(3)(b), such reemployment would provide eligibility for the section 1148m creditable service payment method.
Your letter states, at page 2, that "only one known participant has service which would have been priced at its full actuarial value under s. 40.02(17)(e) prior to the amendment by 1991 Wis. Act 39" (emphasis supplied). This estimate does not appear to consider any individuals who terminated employment prior to the effective date but could be included by again becoming a "participating employe."
Section 1148m is not facially specific as to any one or more persons. That the class may, presently, apply only to a single individual does not make the legislation person specific. Davis, *Page 172 159 Wis.2d at 160-62. "[A]n `at present' effect is tested by determining whether the class is open. If so, its current single-member status is legally unobjectionable." Brookfield,144 Wis.2d at 903. Since section 1148m is "general on its face and applicable only to a certain class" and "legislation that is not specific to a person, place or thing" it is "classification" legislation. Davis, 159 Wis.2d at 161.
"Classification" legislation must be analyzed consistent with the classification concepts developed under article IV, sections31 and 32 of the Wisconsin Constitution. A multi-rule was developed by the court "to determine whether legislation which is general on its face is impermissibly local or private because the generality is simply a surface sham." Brookfield,144 Wis.2d at 912, 914.
 The Brookfield court held that for purposes of art. IV, sec. 18, classification legislation is "private or local" unless it satisfies a six-part test. (1) The classification must be based on substantial distinctions between the classes it creates. (2) The classification must be germane to the purpose of the law. (3) The classification must be open to additional members and not based on existing circumstances only. (4) The law must apply equally to all members of a class. (5) The characteristics of each class must be so different from those of the other classes as to reasonably suggest the propriety of substantially different legislation. (6) Curative legislation is general if it applies equally to all members of the class. 144 Wis.2d at 907-08, 426 N.W.2d at 597.
Davis, 159 Wis.2d at 161.
The first part of the test concerns whether the classification is based on substantial distinctions between the classes it creates. There is a substantial distinction between the two classes in section 1148m. At the time of the repeal of the retirement system provision that executive plan participants could not gain creditable service after reaching age 62, most *Page 173 
state executive participants were allowed to purchase creditable service not previously granted because of this age 62 provision by paying 5.5 percent of current wages for each month to be credited. State-elected officials or appointees of such elected officials could purchase the creditable service only by paying the present value of the increased benefits that the additional creditable service provided, a much higher payment than that required for the state executive participants generally. Clearly there is a substantial distinction between these classes.
The fact that this distinction was eliminated by, rather than created by, section 1148m does not preclude the legislation from being general. As stated in the sixth part of the test "[c]urative legislation is general if it applies equally to all members of the class." Section 1148m is curative legislation since "it may be viewed as removing discriminatory treatment." Joint Survey Committee on Retirement Systems report on 1991 Assembly Bill 91 and Assembly Substitute Amendment 1 thereto, at p. 12. The sole requirement for curative legislation is that it apply to all members of the class. Brookfield, 144 Wis.2d at 908;Madison Metropolitan Sewerage Dist. v. Stein, 47 Wis.2d 349,364-65, 177 N.W.2d 131 (1970). Section 1148 applies to all members of the class defined and is therefore not "private or local" legislation.
Part two of the test requires that the classification be germane to the purpose of the law. "In order for the challenged legislation to pass this `germaneness' test the classifications to which the provisions apply . . . must be closely akin to, or have a close relationship with, the purposes of the provisions."Brookfield, 144 Wis.2d at 917. Section 1148 satisfies this test since its apparent purpose is to correct discriminatory treatment. Legislation allowing elected officials and their appointees to purchase creditable service on the same terms as other executive employe participants is clearly germane to and a logical method of correcting the inequity perceived by the Legislature. Section 1148m satisfies the second part of the test since it corrects *Page 174 
discriminatory treatment caused by the previous classification of executive participating employes into two different groups.
The third part of the test provides that "[t]he classification must be open to additional members and not based on existing circumstances only." As previously stated herein in the discussion of whether section 1148m was "specific" or "classification" legislation, the class covers not only individuals employed on the effective date but individuals not then employed and not receiving a retirement benefit who thereafter become participating employes. The classification is therefore an open class and satisfies this part of the test. I also note that even if this were not an open class, part six of the test provides that status as curative legislation causes the legislation to be considered general as long as it applies equally to all members of the class.
Section 1148m applies equally to all members of the established class and thus satisfies the fourth part of the test. Use of the 5.5 percent of highest earnings rather than present value of the creditable service is granted to any participating employe 1) who is a present or former elected official or appointee thereof, 2) who did not receive creditable service because of age restrictions, 3) who did not purchase creditable service under the 1987 or 1989 versions of the statute, 4) who is not affected by section 40.26(3)(b) limits, and 5) whose creditable service terminates on or after August 15, 1991. The amendment set forth in section 1148m applies equally to all members of the class defined.
Similarly the fifth test is satisfied since the difference between the two classes addressed by section 1148m requires separate treatment to cure the inequity perceived by the Legislature. The principal group addressed in section 1148m was already granted the 5.5 percent of highest earnings purchase method. The characteristics of the classification are necessary to expand this method to the present or former elected participants and their appointee participants. *Page 175 
The final and probably most important test provides that "[c]urative legislation is general if it applies equally to all members of the class." As previously shown herein, the JSCRS report specifically stated that section 1148m "may be viewed as removing discriminatory treatment." Analysis of the changes by section 1148m also indicates that the section was curative in the sense that it changed unequal buyback rights between certain groups of executive participating employes to the same rights for all in the specified executive group. Since the curative provision applies to all members of the class it is considered to be general rather than special or local for article IV, section 18 purposes.
Section 1148m is classification legislation which satisfies all parts of the six part test specified by the supreme court. Such section therefore is not in violation of article IV, section 18
of the Wisconsin Constitution even though it was enacted as part of the 1991 budget bill.
JED:WMS *Page 176